■ In the Matter of the Claim of WILLIAM F. WILLIAMS, Respondent, v. TELEPHONICS CORPORATION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— The employer and carrier appeal from a decision of the Workmen's Compensation Board and awards based thereon. Appellants question only the average weekly wage fixed by the board and the method used in determining it. Claimant commenced work for the employer during the week ending February 16, 1957. He was injured in the course of employment on October 11, 1957. The board rejected the use of subdivisions 1 and 2 of section 14 of the Workmen's Compensation Law and expressly stated in its decision " claimant's average weekly wage must be fixed pursuant to subdivision 3 of Section 14." The difficulty is that the board did not follow the method prescribed by subdivision 3, which provides, in pertinent part: " such annual average earnings shall be such sum as, having regard to the previous earnings of the injured employee and of other employees of the same or most similar class, working in the same or most similar employment or other employment as defined in this chapter, in the same or neighboring locality, shall reasonably represent the annual earning capacity of the injured employee in the employment in which he was working at the time of the accident, provided, however, his average annual earnings shall consist of not less than two hundred times the average daily wage or salary which he shall have earned in such employment during the days when so employed ". There is no evidence in the record as to what other employees of the same or similar class working in the same or most similar employment, or other employment, in the same or neighboring locality would earn. (Clearly a prerequisite in the use of subd. 3.) Moreover, subdivision 3 mandates the fixing of average annual earnings (to be then divided by 52 pursuant to subd. 4). This was not done and no average annual earnings were determined. What the board did here was simply divide claimant's total earnings by 33, the number of full weeks during which claimant worked prior to the accident, to arrive at an average weekly wage. There is no sanction in the Workmen's Compensation Law for such a method, and it is contrary to the method expressly prescribed by subdivision 3. Decision and awards reversed, with costs to appellants, and the matter remitted to the Workmen's Compensation Board for a proper determination of the average weekly wage. Bergan, P. J., Coon, Gibson, Herlihy and Taylor, JJ., concur.